TODD A. NOAH (SBN 152328)
TED K. JOE (SBN 242589)
DERGOSITS & NOAH LLP
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Tel: (415) 705-6377
Fax: (415) 705-6383
E-mail:   tnoah@dergnoah.com
          tjoe@dergnoah.com

Attorneys for Plaintiff
ROBOLAW CORPORATION

ARNE M. OLSON (Admitted *Pro Hac Vice*)
JOSEPH M. KUO (Admitted *Pro Hac Vice*)
DENNIS H. MA (Admitted *Pro Hac Vice*)
OLSON & HIERL, LTD.
20 North Wacker Drive 36th Floor
Chicago, Illinois 60606-3181
Tel.: (312) 580-1180
Fax: (312) 580-1189
E-mail: aolson@olsonhierl.com
         jkuo@olsonhierl.com
         dma@olsonhierl.com

GARNER K. WENG
HANSON BRIDGETT MARCUS
   VLAHOS RUDY, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105-2173
Tel: (415) 777-3200
Fax: (415) 541-9366
E-mail: gweng@hansonbridgett.com

Attorneys for Defendant DEVRY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBOLAW CORPORATION,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEVRY, INC.<br><br>    Defendant. | Case No. C 07 0903 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FED.R.CIV. 26(f) REPORT** |

The parties to the above-captioned action submit this Joint Case Management Statement and Fed.R.Civ.P. 26(f) report and request the Court to adopt it as its Case Management Order in this case.

1. <u>Jurisdiction</u>:

Robolaw Corporation asserts that this Court has jurisdiction of this action pursuant to 35 U.S.C. § 271, 28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the Patent Laws of the United States, 35 U.S.C. §271 et seq.  No parties remain to be served.

2. <u>Facts</u>:

This is a patent infringement action brought by plaintiff Robolaw Corporation ("Robolaw") against defendant DeVry, Inc. ("DeVry") for alleged infringement of U.S. Patent Nos. 6,986,664; 6,086,382; 5,885,087; and 5,618,182, hereinafter collectively referred to as "the Robolaw patents."  The Robolaw patents describe and claim computerized methods and systems for improving performance on multiple-choice examinations.  Robolaw contends that DeVry is making, using, selling and offering for sale software for improving performance on multiple-choice examinations ("DeVry software").  Robolaw further contends that by making, using, selling and offering for sale its software, DeVry has committed direct, contributory and inducement of infringement of one or more claims of the Robolaw patents.

DeVry alleges that it does not infringe any valid or enforceable claim of the Robolaw patents, either literally or under the doctrine of equivalents.  DeVry also alleges that the claims of the Robolaw patents are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. <u>Legal Issues</u>:

    a. The proper construction of the claims of the Robolaw patents;

    b. Whether the DeVry software infringes one or more claims of each of the Robolaw patents;

    c. Whether an actual controversy exists between Robolaw and DeVry with respect to whether or not the DeVry software manufactured, used, distributed, promoted, endorsed, offered for sale and/or sold by DeVry infringe the claims of the Robolaw patents;

    d.    Whether declaratory judgment is necessary and appropriate at this time, in order to determine the parties' respective rights and obligations with respect to the matters in dispute between them;

    e.    Whether the claims of the Robolaw patents are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112; and

    f.    Whether Robolaw's infringement claims are barred by the doctrine of laches.

4.    <u>Narrowing of Issues</u>:

All of the legal issues set forth above may be appropriate for decision by motion.

5.    <u>Motions</u>:

Robolaw anticipates filing a summary judgment motion on the issue of infringement. DeVry anticipates filing summary judgment motions on non-infringement and invalidity.

6.    <u>Discovery</u>:

Robolaw intends to pursue discovery directed to structure, operation and sales of DeVry software. DeVry intends to pursue discovery directed to the reduction, conception and reduction to practice of the claimed invention, licensing of the claimed invention, other litigation by Robolaw involving the Robolaw patents, and prior art. The parties agree to the following discovery limits:

    Interrogatories – 25
    Depositions – 10 fact/4 expert
    Requests for Production – no limitation
    Requests for Admission - 35

7.    <u>Relief</u>:

Robolaw seeks a permanent injunction enjoining DeVry from making, using, selling and offering for sale the DeVry software. Robolaw also seeks a reasonable royalty, as damages for DeVry's alleged infringement of the Robolaw patents in an amount to be determined at trial and that such damages be

trebled under 35 U.S.C. § 284 due to the alleged willful and deliberate character of this infringement. Finally, Robolaw seeks an award of its costs and attorneys' fees under 35 U.S.C. § 285.

Defendant DeVry seeks a declaration of non-infringement for each of the Robolaw patents. DeVry further seeks a declaration that the asserted claims of the Robolaw patents are invalid. DeVry also seeks a declaration that Robolaws allegations of infringement are barred by the doctrine of laches. DeVry also seeks an award of its costs and attorneys' fees under 35 U.S.C. § 285.

8.  ADR:

The parties have agreed to refer this case to mediation, and will also pursue out-of-court settlement discussions.

9.  Settlement:

The parties have conducted limited settlement discussions and are willing to continue such discussions.

10. Magistrate Judge Trials:

The parties consent to have a magistrate judge conduct all further proceedings including trial.

11. Trial:

This case will be tried by jury and the anticipated length of the trial is approximately 3-5 days. At this time, the parties do not believe that it is feasible or desirable to bifurcate issues for trial. The parties believe that it may be possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence.

12. Related Cases:

There are no related cases pending in this Court.

13. <u>Class Action</u>:

　　Not applicable.

14. <u>Scheduling</u>:

　　The parties have agreed to the following dates for fact and expert discovery cutoff, expert reports, hearing dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Close of Fact Discovery | March 21, 2008 |
| Designation of Experts | March 21, 2008 |
| Opening Expert Reports on issues parties have burden of proof | April 25, 2008 |
| Rebuttal Expert Reports | May 30, 2008 |
| Close of Expert Discovery | June 27, 2008 |
| Last Day for Hearing of Dispositive Motions | August 29, 2008 |
| Last Day to file Motions *in limine* | November 14, 2008 |
| Last Day to Meet and confer prior to final pre-trial conference | November 21, 2008 |
| Last Day to file opposition to motions *in limine* | December 5, 2008 |
| Final Pre-trial Conference Statement | January 9, 2009 |
| Final Pre-trial Conference | January 16, 2009 |
| Trial (one week) | February 2, 2009 |

15.     Other Matters:

**ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1**

**a.     Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any.**

The parties propose the following modifications of the deadlines provided for in the Patent Local Rules to avoid holidays and other schedule conflicts and accordingly request that this schedule be adopted:

| Event | Date |
| --- | --- |
| Last Day for Robolaw's Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) and Related Documents (Patent L.R. 3-2) | June 4, 2007 |
| Last Day for DeVry's Preliminary Invalidity Contentions (Patent L.R. 3-3) and Related Document Production (Patent L.R. 3-4) | July 19, 2007 |
| Last Day for the Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | July 30, 2007 |
| Last Day for Exchange of Preliminary Claim Construction and Extrinsic Evidence (Patent L.R. 4-2) | August 20, 2007 |
| File Joint Claim Construction Statement (Patent L.R. 4-3) | September 17, 2007 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | October 17, 2007 |
| Last Day for Robolaw's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | November 1, 2007 |

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 0903 JL

| | |
|---|---|
| Last Day for DeVry's Opposing Claim Construction Brief, (Patent L.R. 4-5(b)) | November 15, 2007 |
| Last Day for Robolaw's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | November 22, 2007 |
| Claim Construction Hearing  (Patent L.R. 4-6) | December 6, 2007 (subject to Court's calendar) |
| Final Infringement Contentions (Patent L.R. 3-6(a)) | 30 days after service of claim construction ruling, or approx. (assuming claim construction ruling is received, *i.e.,*3 months after hearing) |
| Final Invalidity Contentions (Patent L.R. 3-6(b)) and Production of Willfulness Opinions (Patent L.R. 3-8) | 50 days after service of claim construction ruling |

**b.     Whether the Court will hear live testimony at the Claim Construction Hearing.**

The parties believe that whether or not live testimony should be received at the claim construction hearing should be determined after the Joint Claim Construction and Prehearing Statement has been finalized.

**c.     The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

At this time, neither party anticipates a need for limiting the discovery relating to claim construction.  However, the parties believe that it is impracticable to fully address this issue until after it becomes apparent whether, and if so to what extent, disputed issues of claim construction exist.  The parties suggest that this matter be left over for future consideration.

**d.     The order of Presentation at the Claim Construction Hearing.**

The parties suggest that this matter be left over for determination at the Claim Construction

-7-

Prehearing Conference, after it is ascertained whether, and if so to what extent, there are disputed issues of claim construction

**e.    The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has been filed.**

The parties agree that it would be useful to have a Claim Construction Prehearing Conference, after the Joint Claim Construction and Prehearing Statement has been finalized, to address the subjects in (2), (3), and (4), above, and any other matters relating to the procedures at the Claim Construction Hearing.

16.    <u>Disclosure of Interested Parties</u>:

The parties submit that other than the named parties, there are no other parties that have an interest in subject matter at issue in this case.

17.    <u>Initial Disclosures</u>:

The parties plan to make their respective initial disclosures on or before May 16, 2007.

Dated: May 16, 2007                                    DERGOSITS & NOAH LLP

By:  /s/  Todd A. Noah
Todd A. Noah
Attorneys for Plaintiff
ROBOLAW CORPORATION

OLSON & HIERL, LTD.

Dated: May 16, 2007                                    By:  /s/  Arne M. Olson
Attorneys for Defendant
DEVRY, INC.

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Arne M. Olson.

/s/ Todd A. Noah

A further Case Management Conference is set for September 5, 2007 AT 10:30 a.n.

IT IS SO ORDERED.



-9-

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 0903 JL